KENNETH LINDNER, Secretary Department of Administration
Your predecessor asked my opinion on two questions:
 (1) Is the State required to pay on bonds and coupons presented for payment after the six year limit?
 (2) What State account should receive the unclaimed funds?
In my opinion, the answer to your first question is no. This answer is limited to bonds evidencing public debt issued pursuant to subch. 1 of ch. 18, Stats.
Section 18.10 (10), Stats., provides:
 Extinguishment of debt. Interest shall cease to accrue on public debt on the date that such debt becomes due for payment if said payment is made or duly provided for, but such debt and the accrued interest thereon shall continue to be public debt until 6 years overdue for payment or, in the case of public debt owing to the United States, until 20 years overdue for payment. At that time, unless demand for their payment has been made, they shall be extinguished and shall be deemed no longer outstanding.
The above-quoted statute clearly is applicable to the public debt evidenced by bonds and interest coupons. If a bond issued by the state, or a coupon related to such bond, is not presented for payment within six years from the time such payment is due, the debt is extinguished.
This conclusion is fortified by Wis. Const. art. VIII, sec. 2, which in material part provides that "[n]o appropriation shall be made for the payment of any claim against the state . . . unless filed within six years after the claim accrued." This constitutional provision is designed to limit the neglectful creditor. As stated in Will of Heinemann, 201 Wis. 484, 489,230 N.W. 698 (1930),
 This provision of the constitution was no doubt intended as a limitation upon those who possessed legal claims against the State, but who permitted them to slumber without taking any action to enforce collection. It was a penalty visited upon the *Page 322 
slothful creditor. The vigilance of one whose claim rests upon moral considerations alone can avail him nothing.
The effect, then, both of this constitutional provision and sec.18.10 (10), Stats., is to extinguish the legal claim once mature obligations are six years overdue. Inasmuch as the obligation is extinguished six years after accrual, the date of the appropriation for payment is irrelevant to the issue whether the obligation is extant.
Accordingly, it is my opinion that the state is not legally required to pay on such bonds or coupons after expiration of the six-year limit.
In response to the second question posed, it is my opinion that unclaimed funds must remain in the building trust fund even after a legal claim can be made against them.
Section 18.09 (1), Stats., provides that for each bond issue there shall be established in the state treasury a separate and distinct sinking fund. Subsections (2) and (3) thereof provide:
 (2) Each sinking fund shall be expended, and all moneys from time to time on hand therein are irrevocably appropriated, in sums sufficient, only for the payment of principal and interest on the bonds giving rise to it and premium, if any, due upon refunding of any such bonds.
 (3) One year after interest has ceased to accrue on all of the bonds giving rise to a sinking fund, all moneys on hand in such sinking fund shall be paid over and transferred to the state building trust fund and the sinking fund shall be closed. An amount equal to the aggregate face value of all outstanding bonds and the accrued interest thereon for which no sinking fund exists shall be maintained in the state building trust fund applicable exclusively to the payment of such bonds and interest.
Thus, the unused monies in the state treasury sinking funds must, one year after interest has ceased to accrue, be transferred to the state building trust fund and the sinking fund is closed. In my view, the monies on hand which cannot be paid because of extinguishment under sec. 18.10 (10), Stats., are appropriated by operation of sec. 20.710 (2)(X), Stats., to the long-range building program under sec. 13.48, Stats. *Page 323 
Section 20.710, Stats., provides:
 BUILDING COMMISSION. There is appropriated to the building commission for the following programs:
. . . .
(2) Building Trust Fund. . . .
. . . .
 (x) Building trust fund. As a continuing appropriation, all moneys not otherwise appropriated from the state building trust fund for purposes of carrying out the long-range building program under s. 13.48. The state building trust fund shall consist of all appropriations or transfers made thereto by the legislature, together with all donations, gifts, bequests or contributions of money or other property, all restored advances and all investment income.
Section 20.710 (2)(x), Stats., evinces a legislative intent that all monies not otherwise appropriated from the building trust fund shall, as a "continuing appropriation," become part of the long-range building program under sec. 13.48, Stats. The building trust fund itself is funded from a wide variety of sources, one of which is the money from the sinking funds pursuant to sec. 18.09 (3), Stats. That subsection also provides that the money from the sinking funds shall be used "exclusively . . . [for] the payment of such bonds and interest." By definition of the problem and the terms of sec. 18.10 (10), Stats., however, that obligation has become extinguished and the original purpose no longer can be carried out. Accordingly, sec. 20.710 (2)(x), Stats., works to appropriate the money to the long-range building program under sec. 13.48. Stats., inasmuch as sec. 18.10 (10), Stats., precludes any payment out of that fund for the original purposes of sec. 18.09 (3), Stats.
BCL:CDH